UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| WILLIAM HENRY, JR., | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:07CV99 RWS |
| | ) | |
| MISSOURI HIGHWAYS AND | ) | |
| TRANSPORTATION | ) | |
| COMMISSION, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

William Henry, Jr. worked as a seasonal maintenance employee for the Missouri Department of Transportation for three seasons, beginning in 2003 and ending December 30, 2005. In this Title VII action, Henry alleges that he was discharged from his employment with MoDot based on his race, African-American. Henry's complaint also alleges that he was subjected to a hostile racial working environment and "disparate treatment." Henry's complaint does not allege that he was not hired, or rehired, for seasonal employment in 2006 because of his race. Yet, Henry made that complaint to the EEOC, and the defendant has addressed a failure to hire claim in its motion for summary judgment (even though defendant correctly notes that no such argument has been made in the complaint).

Because Henry's failure to hire[1] claim was timely made at the administrative level[2] and has been the subject of discovery and summary judgment briefing by both parties in this case, it appears to the Court that this claim may have been inadvertently omitted from the complaint by Henry. Under these circumstances, the interests of justice would best be served if Henry is granted leave to amend his complaint by interlineation to include his claim that he was not hired as a seasonal maintenance employee by MoDot in 2006 based on his race. See Fed. R. Civ. P. 15(a)(2) (leave to amend should be freely granted when justice so requires). Henry is granted ten (10) days from the date of this Memorandum and Order to amend his complaint by interlineation to plead his failure to hire claim only, and is not granted leave to allege any additional claims or facts. If Henry fails to amend

---

[1] I refer to this claim as a failure to hire or rehire even though Henry at times refers to his claim as a failure to recall from layoff.

[2] Defendants argue at length about what claims were timely filed at the administrative level. In Missouri, a charge of discrimination must be filed within 300 days of the unlawful employment practice. 42 U.S.C. § 2000e-5. In this case, Henry's signed and verified EEOC Charge of Discrimination Information Form dated August 27, 2006 meets the technical requirements of a Charge of Discrimination under 29 C.F.R. 1601.12(a) and Edelman v. Lynchburg College, 535 U.S. 106 (2002), and was later perfected by his filing of a Charge of Discrimination in December of 2006. See, Sifferman v. Bd. of Regents, Southeast Missouri State University, 250 F. Supp. 2d 1139, 1143 (E.D. Mo. 2003); Gross v. Missouri Mounting, 2005 WL 3560592, *3 (E.D. Mo. Dec. 29, 2005). Therefore, Henry's claim that he was not rehired in the Spring of 2006 was timely filed at the administrative level, as was his claim that he was subjected to a racially hostile work environment when a white co-worker falsely accused him of stealing gas, forcing him to be reassigned to another maintenance shed until November of 2005.

his complaint by interlineation within ten days from the date of this Memorandum and Order, then the Court will assume that Henry did not inadvertently omit this claim and will proceed to consider defendant's summary judgment motion based on the existing complaint, which does not include a claim that he was not hired as a seasonal maintenance employee by MoDot in 2006 based on his race. If the complaint is timely amended by interlineation, then the Court will proceed to consider defendant's remaining arguments for summary judgment, including defendant's argument that it is entitled to summary judgment on Henry's claim that he was not hired as a seasonal maintenance employee by MoDot in 2006 based on his race. This case remains set for trial on my January 26, 2009 docket.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff is granted leave to amend his complaint by interlineation as discussed above within ten (10) days from the date of this Memorandum and Order.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 4th day of November, 2008.