UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM HENRY, JR., )<br>)<br>    Plaintiff, )<br>)<br>  vs. )<br>)<br>MISSOURI DEPARTMENT )<br>OF TRANSPORTATION, et al., )<br>)<br>    Defendant. ) | Case No. 1:07CV99 SNLJ |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Missouri Highways and Transportation Commission's motion for summary judgment (#21), filed on September 5, 2008. Plaintiff filed a response (#28) on October 10, 2008. Defendant then filed a reply (#30) on October 27, 2008. Plaintiff's original complaint (#1) filed July 9, 2007, alleged that plaintiff was subjected to disparate treatment at the Missouri Department of Transportation ("MoDOT") which lead to his discharge. On November 4, 2008, this Court granted plaintiff leave to file an amended complaint (#32) to add an additional claim that the disparate treatment lead to plaintiff not being rehired at MoDOT.

**I. Statement of the Case**

Plaintiff brought this lawsuit alleging race discrimination during his employment with MoDOT which violated Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). Plaintiff claims that while working as a maintenance worker for defendant he was subjected to an "ongoing hostile racial working environment, racial discrimination directed specifically against the Plaintiff, and disparate treatment directed against the Plaintiff regarding working conditions,

promotions, sick leave and wages" and this treatment led to his discharge and/or a failure to be rehired.

Plaintiff was initially hired by MoDOT on August 19, 2003, as a seasonal maintenance worker on a bridge crew. He worked in that capacity until his season ended on January 31, 2004. He was sent a letter on January 13, 2004, reminding him that his seasonal position was temporary and that his last day would be on or about January 31, 2004, and that if he wished to be considered for future employment, he must submit a new application. Plaintiff reapplied and was again hired as a seasonal maintenance worker beginning on March 1, 2004, working for the same bridge crew. He was again sent a notice reminding him that he was a temporary worker and his season would end on December 1, 2004. Plaintiff completed a new application and was hired for a third season beginning April 1, 2005, working out of the Dexter maintenance facility on a regular maintenance crew.

On Sunday, July 24, 2005, a co-worker, Joe "J.J." Lemmon reported to plaintiff's supervisor, Ed Parsley, that Lemmon had seen plaintiff's personal vehicle located next to the MoDOT fuel pump restricted to state vehicles only and suspected that plaintiff was stealing gasoline. An investigation was opened and, while the investigation was pending, MoDOT transferred plaintiff to the Jackson maintenance facility. During this time, plaintiff was given a state vehicle to drive to Jackson with another employee who was also temporarily assigned to that facility. The investigation concluded that it could not be confirmed that plaintiff had stolen gas, and plaintiff returned to the Dexter facility with no disciplinary action. The investigation lasted approximately two months.

Plaintiff's third season ended on December 30, 2005. He was again notified that to be considered for future seasons he needed to submit a new application, which he did. Parties then

disagree as to the events that occurred. Defendant claims that Sheila Swisher, the MoDOT human resource manager for plaintiff's district, asked plaintiff if he would be willing to serve on special crews during the next season. Plaintiff stated that he was not willing, and thus Swisher did not plan on scheduling him for an interview. However, in a letter dated March 7, 2006, Sandra Brooks, a human resource specialist who assisted Swisher, invited plaintiff to interview for a seasonal position. Defendant states that plaintiff did not attend the interview and that failure was the reason for the plaintiff not being hired for the 2006 season. Plaintiff denies both the conversation with Swisher and receiving a letter from Brooks. Both parties are in agreement that plaintiff was not hired for the 2006 season and, since that time, has not reapplied for employment with MoDOT.

Plaintiff states that he was not aware that he was not being rehired until he received a letter from Bill Rogers, Director of Audits and Investigations at MoDOT, dated August 2, 2006. Plaintiff submitted a "Charge of Discrimination Information Form" to the EEOC on August 27, 2006. This document alleges that due to his race he was harassed, laid-off, treated differently, and written-up by MoDOT.

Plaintiff also filed a "Charge of Discrimination" with the EEOC dated December 20, 2006, stamped "received" by the EEOC on December 27, 2006. In this charge plaintiff alleged that he was subject to discrimination based on his race because another employee accused him of stealing gasoline because he was black and subsequently "[i]n the Spring of 2006, all employees were recalled from layoff except [plaintiff]." In reference to this charging document, plaintiff was then issued a right to sue letter by the EEOC on April 27, 2007.

3

**II. Summary Judgment Standard**

Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. New England Mut. Life Ins. Co. v. Null, 554 F.2d 896, 901 (8th Cir. 1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." Mt. Pleasant v. Associated Elec. Coop. Inc., 838 F.2d 268, 273 (8th Cir. 1988).

Pursuant to Fed.R.Civ.P. 59(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 467, 82 S. Ct. 486, 7 L.Ed.2d 458 (1962). The burden is on the moving party. Mt. Pleasant, 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir. 1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party.

Robert Johnson Grain Co. v. Chem. Interchange Co., 541 F.2d 207, 210 (8th Cir. 1976). With these principles in mind, the Court turns to an examination of the facts.

**III. Motion for Summary Judgment**

Defendant argues that plaintiff's claim should be dismissed because (1) plaintiff failed to timely file his claim with the EEOC; (2) plaintiff failed to exhaust his administrative remedies because his EEOC claim alleges unlawful termination rather than unlawful failure to hire; and (3) plaintiff has failed to establish the a *prima facie* case for unlawful termination or failure to hire.

**A. EEOC Charge**

    **1. Timing**

There is disagreement regarding when the charge of discrimination was filed with the EEOC. Plaintiff claims that he filed the charge on August 27, 2006. Both parties include a document in their exhibits titled "Charge of Discrimination Information Form" which is signed by plaintiff and dated August 27, 2006. However, the date on which this document was stamped received by the EEOC cannot be read on the copy provided by plaintiff and defendant neglected to file the signature page with its exhibit. August 27, 2006, was a Sunday which prevents any assumption that it was signed and filed on the same day. Plaintiff claims that the delay in the filing date and the date of the filing of the "Charge of Discrimination," discussed below, is due to the requirement that the EEOC take no action for 60 days to allow the Missouri Commission on Human Rights to act first, and this Court should consider the EEOC charge filed August 27, 2006. Defendant counters by alleging that this document was not received by the EEOC until after plaintiff filed this lawsuit.

This Court also has before it a document titled "Charge of Discrimination" signed by plaintiff and dated December 20, 2006, and stamped received by the EEOC on December 27,

5

2006. It is in reference to this document that the EEOC issued the notice of right to sue to plaintiff on April 27, 2007. However, defendant further contends that the EEOC did not consider plaintiff's charge filed until January 5, 2007, and, in support of this contention, references plaintiff's notice of right to sue. The only document filed with this Court in reference of the notice of right to sue is the notice of right to sue letter sent by the EEOC to plaintiff dated April 27, 2007. This letter references the complaint number on the December 27, 2006, filing but does not state the date the complaint was received or filed. This Court cannot find reference to January 5, 2007, on any of the charging documents or the right to sue notices issued by the EEOC or Missouri Commission on Human Rights.

The EEOC has established clear deadlines for the filing of complaints and suits. An employee has 300 days from the date of discrimination to file a complaint with the EEOC. If the EEOC chooses not to bring a claim itself it may issue a notice of right to sue which gives an employee 90 days from the date of the letter to file an action against its employer. The filing date of the complaint may alter what allegedly discriminatory acts may be brought in lawsuit. In this case, the Court is left with a date range of August 28, 2006, through January 5, 2007, which thus may include acts as far back as October 31, 2005, or may only extend back to acts occurring after March 11, 2006. This Court must therefore decide which filing date applies.

The plaintiff appears to concede in his motion in opposition to summary judgment that the form filed on August 27, 2006, was a "filing of information form" while the "actual charge of discrimination" was not filed until sometime later. This is supported by the fact that the complaint number referenced in plaintiff's right to sue notice is the reference number given on the December 27, 2007, "Charge of Discrimination."

The Eighth Circuit has held that the filing of an intake questionnaire like this "filing of information form" here is not the same as the filing of an administrative charge. <u>Diez v. Minnesota Min. and Mfg. Co.</u>, 88 F.3d 672 (8th Cir. 1996); *see also*, <u>Shempert v. Hardwick Chemical Corporation</u>, 151 F.3d 793, 796 (8th Cir. 1998); <u>Hodges v. Northwest Airlines, Inc.</u>, 990 F.2d 1030, 1032 (8th Cir. 1993). In <u>Diez</u>, the plaintiff had filed an intake questionnaire on May 21, 1993, giving detailed complaints and the names of parties he claimed discriminated against him. The information in the questionnaire was not, however, reduced to a verified "Charge of Discrimination" until June 10, 1993. The Court found that the June 10, 1993, date was the proper date for determining whether the claim had been filed within 300 days of the act of discrimination.

Since these Eighth Circuit decisions, the United States Supreme Court addressed a similar case, <u>Edelman v. Lynchburg College</u>, 535 U.S. 106 (2002). In <u>Edelman</u>, the Court held that a Title VII EEOC charge need not be verified within 300 days of the alleged discrimination so long as some type of complaint meeting the statutory requirements of a charge was filed with within 300 days, in which case there could be relation back. In that case, a college professor had sent the EEOC a facsimile letter alleging that he was denied tenure in violation of Title VII. Although the fax was sent within 300 days of the alleged discrimination, he failed to file an actual charge with the EEOC until 313 days after the alleged discrimination. <u>Id.</u> at 109-110. Nonetheless, the Court held that the EEOC charge could relate back in time to the date of the letter only if the letter met the statutory definition of a charge. <u>Id.</u> at 118-19. The Court, however, declined to decide that issue, and remanded to the Fourth Circuit for further consideration. <u>Id.</u> at 119. The Fourth Circuit rejected defendant's argument that both the EEOC and the plaintiff failed to treat the letter as a charge, and, therefore, it should not be found by the court to be a charge. <u>Edelman</u>

7

v. Lynchburg College, 300 F.3d 400 (4th Cir. 2002). The court held that the letter met all statutory requirements of a charge, and thus any failure to be treated as a charge was a failure by the EEOC to fulfill its statutory duties. Further, there was relation back to the extent that the complaints in the final Form 5 Charge were the same as the original letter. Id. at 405.

Edelman appears to overrule the presumption in the Eighth Circuit that an intake questionnaire or charge information form is not a charging document and instead requires this Court to review the information provided in the questionnaire to determine whether it meets the statutory requirements of a charge under Title VII. In this case, the August 27, 2006, information sheet states that plaintiff was falsely accused of stealing gasoline by J.J. Lemons because he was African-American. This resulted in harassment and his transfer to a different work station. He made an allegation about a specific event and listed the names of those parties involved. At this time, however, he made no mention about being fired or not being rehired. The actual charging document dated December 27, 2006, then reasserts his claim regarding the gasoline incident and adds the additional allegation that in the Spring of 2006, all employees were recalled from layoffs except the plaintiff.

Section 706 of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5, governs the filing of charges of discrimination with the EEOC. Section 706(b) requires "[c]harges" to "be in writing under oath or affirmation . . . contain[ing] such information and . . . in such form as the Commission requires." 42 U.S.C. § 2000e-5(b). the EEOC requires a charge to contain:

> (1) The full name, address and telephone number of the person making the charge . . .; (2) The full name and address of the person against whom the charge is made, if known . . .; (3) A clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices . . . ; (4) If known approximate number of employees of the respondent . . .; and (5) A statement disclosing whether proceedings . . . have commenced before a State or local agency."

8

The August 27, 2006, intake charge information form was sufficient to make clear the allegations begin made and the parties involved. Thus, this Court holds, consistent with Edelman, that despite a failure to file a verified charge within the 300-day limitation, the charge information form meets the statutory requirements of an EEOC charge.

Although the Eighth Circuit has not revised its position on this issue since Edelman, the Eastern District of Missouri has done so and has held, like the Fourth Circuit that the EEOC's failure to consider an intake questionnaire as a charge of discrimination did not affect its validity. Sifferman v. Board of Regents, Southeast Missouri State University, 250 F.Supp.2d 1139, 1143 (E.D. Mo. 2003). In addition, two recent Eastern District cases have noted that the amended charge information forms used by the EEOC since December 1997, requires the party to sign under the legend: "I declare under the penalty of perjury that the information provided in this document is true and correct." *See* Overall v. Smurfit-Stone Constainer Corp., 2008 WL 2952768, *1-2 (E.D. Mo.); *see also* Schlosser v. Westinghouse Electric Co. LLC, 2001 WL 1746574, *3 (E.D. Mo.). This new form requires the employee to sign their information sheet directly under the legend: "I declare under the penalty of perjury that the information provided in this questionnaire is true and correct." Schlosser, 2001 WL 1746574 at *3. Thus, there essentially no longer exists a difference between the formal charging document and the charge information forms.

Therefore, in looking at the Fourth Circuit's decision and the current Eastern District of Missouri decisions, this Court holds that the charge information form signed by the plaintiff was sufficient to have the date of the EEOC charge related back to the date the August 27, 2006, form was filed. However, as noted, it remains a material issue of fact as to what date the form was actually filed. For the purposes of this summary judgment motion this Court will make the

reasonable inference that the charge information form was filed soon after the August 27, 2006, date allowing for the claimed harassment regarding the allegation that plaintiff stole gasoline to be considered timely filed. That inference, however, is of course subject to proof that the August 27, form was filed at a much later date.

Additionally, this Court holds that because the claims for failure to rehire and racial remarks made by a co-worker were not included in the original charge information form, they do not relate back in time to the August 27, 2006, filing. The alleged racial remarks were made more than 300 days prior to the December 27, 2007, filing. Because that allegation was not made in the charge information sheet there can be no relation back and that allegation is time barred. However, the December 27, 2007, date was within 300 days of the alleged failure to rehire allowing it to be brought simply under the actual charging document with no need to relate back. Finally, plaintiff's allegation that he was discriminatorily fired, as opposed to the failure to rehire, was not mentioned in his charge information form nor his EEOC charge, thus he has not exhausted his administrative remedies for that claim and cannot now bring it here. In any event, it is uncontested that plaintiff was never fired, and the claim is simply a failure to rehire.

Plaintiff has timely filed EEOC charges for both the alleged harassment and the failure to rehire. It is with this in mind that the Court turns to the allegations of the complaint.

**B. Complaint**

**1. Failure to rehire claim**

Defendant correctly notes in its motion for summary judgment that plaintiff's complaint did not assert a claim for failure to be rehired and a claim of discrimination for failure to rehire was not made in plaintiff's EEOC charge. However, this Court allowed plaintiff to amend his complaint to add this claim on November 4, 2008. Further, this Court finds that a claim for failure to rehire was

stated in plaintiff's charge filed with the EEOC. Plaintiff's charge states that "[i]n the Spring of 2006, all employees were recalled from layoff except me." Although plaintiff incorrectly describes his failure to be rehired as a failure to be recalled from layoff, this Court is to liberally construe the EEOC charges and it finds that plaintiff did exhaust his administrative remedies for the claim of failure to rehire and may now bring the claim here. Therefore, this Court will consider plaintiff's allegation that he was subjected to disparate treatment which caused him to not be rehired for a fourth season.

### 3. *Prima Facie* Case of Disparate Treatment Relating to Failure to Rehire

To establish a *prima facie* case of disparate treatment under Title VII, an employee must establish: (1) that he is a member of a protected class; (2) that he was qualified for his position and performed his duties adequately; and (3) that he suffered an adverse employment action under circumstances that would permit the Court to infer that unlawful discrimination was involved. Sallis v. University of Minn., 408 F.3d 470, 476 (8th Cir. 2005). Once plaintiff establishes a *prima facie* case, a rebuttable presumption that defendant discriminated against the plaintiff arises. Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248 (1981). To rebut this presumption, defendant must articulate a legitimate, nondiscriminatory reason for the adverse employment action. McDonnel Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Once the defendant produces a nondiscriminatory reason, the presumption drops from the case. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 510-11 (1993).

This Court holds that plaintiff has established a *prima facie* case of disparate treatment in defendant's failure to rehire plaintiff. Plaintiff is an African-American, he was applying for a job which he had performed in the past and for which he had received satisfactory reviews, and he alleges that he was the only person not rehired for a fourth season while all other co-workers, who

11

were white, were rehired. Defendant responds by alleging that when asked about a position on special work crew, plaintiff told defendant that he was unwilling to work for that division. In addition, despite this unwillingness, plaintiff was still sent a letter establishing an interview for an upcoming seasonal position, and he was ultimately not hired because he did not attend that interview. However, plaintiff denies he had a conversation in which he rejected a special crew detail and denies having ever received a letter granting him an interview.

Defendant cites to several cases establishing that, once the presumption of discrimination has dropped from the case, the plaintiff must prove by a preponderance of the evidence that there was discrimination. In addition, defendant cites to cases involving persuasion of the fact finder. This court is not a finder of fact in this case. It is only appropriate for this court to decide if there exists no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Whether plaintiff stated he would not take a special crew position and whether he was invited to interview but did not attend are both material facts at issue. These two events are defendant's only assertions as to why the failure to rehire was nondiscriminatory and plaintiff denies that either of these events took place. These genuine issues of material fact cannot be decided by this court and preclude summary judgment on this matter.

### 3. *Prima facie* Case of Disparate Treatment Relating to Stealing Allegation

As noted above, to establish a *prima facie* case for disparate treatment under Title VII, an employee must establish: (1) that he is a member of a protected class; (2) that he was qualified for his position and performed his duties adequately; and (3) that he suffered an adverse employment action under circumstances that would permit the Court to infer that unlawful discrimination was involved. Sallis v. University of Minn., 408 F.3d 470, 476 (8th Cir. 2005). In this case, defendant

argues that plaintiff has failed to allege any adverse employment action stemming from the allegation of stolen gasoline. This Court agrees.

The plaintiff alleges that another employee falsely accused him of stealing gasoline. The other employee was not one of plaintiff's supervisors, and there is no allegation that any of plaintiff's superiors or defendant acted in a discriminatory manor in responding to the allegations. The defendant reassigned the plaintiff to a different location for only the amount of time required to investigate the claim. He was given a state vehicle to transport himself. In fact, the plaintiff traveled with another white employee who was also under investigation and who was treated in the same manner. The record indicates that defendant received an allegation of wrong doing by the plaintiff, defendant followed procedures and temporarily relocated plaintiff while investigating the claim, and once cleared of the allegation plaintiff returned to his assigned location and received no disciplinary action.

Plaintiff has not established a *prima facie* case for disparate treatment stemming from the allegation that he stole gasoline, and defendant is entitled to summary judgment on that claim.

## IV. Conclusion

This Court holds that, taking all reasonable inferences in the light most favorable to the plaintiff, with relation back to the August 27, 2006, date, plaintiff timely filed a claim for disparate treatment relating to the allegation of stolen gasoline and also for defendant's failure to rehire plaintiff. Still, this Court finds that plaintiff has only established a *prima facie* case of discrimination based on a failure to rehire. Though defendant has offered nondiscriminatory reasons for not rehiring plaintiff, there exist material questions of fact surrounding those events. Therefore, summary judgment is not proper on the question of whether plaintiff was subjected to disparate treatment which caused him to be rehired.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that this case will proceed as to whether plaintiff was subjected to disparate treatment which caused him to not be rehired by defendant.

**IT IS FURTHER ORDERED** that plaintiff's claims are dismissed in all other respects.

Dated this   14th   day of April, 2009.

                                                  UNITED STATES DISTRICT JUDGE